AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

2019 FEB 20  P 3: 47

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| United States of America | ) |
|---|---|
| v. | ) Case No. 2:19mj47-SMD |
| CLARENCE WRIGHT LANE, JR. | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   January 15-February 19, 2019   in the county of   Covington   in the
  Middle   District of   Alabama   , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841 | Drug distribution |
| 18 USC 922(d) | Sale of ammunition/firearm to prohibited person |

This criminal complaint is based on these facts:

Please see attached Affidavit which is incorporated by reference herein.

☑ Continued on the attached sheet.

*Complainant's signature*

Julius Foster, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/20/19

*Judge's signature*

City and state:   Montgomery, Alabama         STEPHEN M. DOYLE, U.S. MAGISTRATE JUDGE
*Printed name and title*

**AFFIDAVIT**

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice. I am a graduate of the Tennessee Law Enforcement Training Academy in Nashville, Tennessee, the Criminal Investigation Training Program (CITP) in Glynco, Georgia, and the ATF National Academy's Special Agent Basic Training (SABT) also located in Glynco, Georgia. Prior to joining ATF, I was a police officer for approximately seven and one-half years in Cleveland, Tennessee. I currently hold a Bachelor's of Science from the University of Tennessee-Chattanooga in Criminal Justice and a Master's of Science from Liberty University in Criminal Justice-Public Administration. I am currently assigned to the ATF Montgomery Field Office. As an ATF Special Agent (SA), I am charged with investigating violations of Federal Firearms Laws. I am also familiar with investigations with, but not limited to arsons, explosives, and federal narcotic laws.

2. On January 8, 2019, this affiant met with Confidential Informant #13629 to conduct as controlled purchase of a firearm from Clarence Wright LANE, JR ("CJ") who is known to traffic and sell firearms from Alabama to New York. The ATF-Rochester, NY Field Office on December 22, 2017 utilized their CI to purchase two (2) firearms from LANE in the amount of one-thousand dollars ($1,000.00) in Rochester, NY. On this same date (01/08/2019), CI# 13629 met with LANE at an address in Elba, Alabama to purchase three (3) firearms. Upon CI# 13629's arrival, LANE entered CI# 13629 vehicle; as the two individuals were talking, LANE was asked about a shooting that occurred in Enterprise, AL. LANE admitted to CI# 13629 that he and others shot multiple rounds at some individuals at a location in Enterprise, AL. After LANE and CI# 13629's discussion, LANE proceeded with one (1) firearm transaction out of three (3) agreed upon. CI# 13629 purchased a Norinco, model: SKS, 7.62 X 39 caliber rifle, S/N: 24008812 from LANE for four-hundred twenty-five dollars ($425) using ATF agent cashier funds. LANE told CI# 13629 that he would contact him/her later that evening to sell the CI two additional firearms that had been discussed.

3. At approximately 1741 hours, LANE contacted CI# 13629 advising him/her that he was ready to sell the two firearms. LANE advised CI# 13629 to meet him at a local gas station in Enterprise, AL and follow him, LANE, to a location for the transaction. The ATF, Alabama State Bureau of Investigations, and local law enforcement agencies followed CI# 13629 to a location in Geneva Co., AL. CI# 13629 pulled into a parking lot and parked while the other vehicle left the parking lot and pulled into a housing location. Law enforcement surveilled the vehicle that the CI followed to the location and observed LANE enter and leave an unknown address to pair back up with CI# 13629.

1

4. CI# 13629 stated that when LANE arrived back to the parking lot, LANE approached the driver side door and placed two (2) firearms in his/her lap. CI# 13629 paid LANE nine-hundred dollars ($900) of ATF Agent cashier funds for both firearms and left the location. The firearms that were purchased from LANE was a: Mossberg International, model: 715P, .22 caliber pistol, S/N: MK3986597 and an IWI-Israel, model: Uzi Pistol, .22 caliber pistol, S/N: W1008048.

5. On the evening of Monday, January 14, 2019, CI# 13629 contacted Special Agent Porter regarding him/her speaking to LANE at a local gas station. CI# 13629 stated that LANE told him/her that he had a Glock 43, 9mm for sale. According to CI# 13629, LANE emphasized that the Glock 43 was "hot" and he wanted to get rid of it.

6. On January 15, 2019, ATF and SBI utilized CI# 13629 to conduct a controlled purchase of two (2) firearms from Clarence "CJ" LANE in Opp, AL. On the morning of January 15, 2019, ATF and SBI provided CI# 13629 with an electronic surveillance device equipped with audio and video capabilities to capture the transaction. At approximately 1018 hours, CI# 13629 left the staging area to meet LANE at an apartment complex off Gavin St. behind the Pizza Hut in Opp, AL. Upon arrival, CI# 13629 called out to investigators that LANE was exiting from apartment "B95" located at the Carver Court Apartments.

7. When LANE entered the CI# 13629's vehicle, CI# 13629 told LANE that he was a convicted felon. LANE sold a Glock 43, 9mm, S/N: BHVX555 for four-hundred dollars ($400). CI# 13629 paid for the firearm using ATF Agent cashier funds. While LANE was in the vehicle with CI# 13629, LANE pulled out another firearm, a small Beretta handgun that he stated he would sell for one-hundred, twenty-five dollars ($125). CI# 13629 told LANE that he wanted to purchase the Beretta and would return to purchase it.

8. CI# 13629 left the location and met with ATF Special Agent Porter and SBI Agents at a pre-determined location and provided CI# 13629 with additional agent cashier funds in the sum of one-hundred, twenty five dollars ($125) to purchase the Beretta. CI# 13629 returned back to 95 Carver Court (on Gavin St., B95) the same location of the first purchase of the Glock 43. LANE again was observed exiting from apartment "B95", entering the CI's vehicle and sold him/her the small Beretta, model: 21A, .22 caliber, S/N: DAA439622 for one-hundred, twenty-five dollars ($125).

9. On January 16, 2019, ATF and SBI utilized CI# 13629 to conduct a controlled purchase of three (3) firearms from CJ LANE in Opp Alabama. CI# 13629 stated that LANE initially stated that he had a Berretta .9mm and a Berretta .40 caliber handgun for sale prior to the transaction.

10. LANE through Facebook Messenger told CI# 13629 to meet him at the same location off Gavin St, apartment B95, 95 Carver Courts. CI# 13629 traveled to the location and CI# 13629 stated to agents that a silver Tahoe was sitting in front the location. LANE exited from apartment B95, entered the CI# 13629's vehicle and sold a Berretta, 96 Brigadier, .40 caliber, S/N: BER206275 and a Taurus, PT145PRO, .45 caliber, S/N: NCV01276 for six-hundred, twenty-five dollars ($625). LANE did not have the Berretta .40 caliber handgun to sell CI# 13629 and substituted the Taurus, PT145PRO, .45 caliber. LANE charged CI# 13629 fifty-dollars ($50) more for the Taurus. CI# 13629 was not provided enough agent cashier funds, but LANE allowed CI# 13629 to pay him the fifty dollars ($50) later.

11. LANE told the CI, prior to leaving the location that he had a .380 caliber handgun with a "red beam" for sale for two-hundred, dollars ($200). CI# 13629 left the location and met with ATF Special Agents and SBI who provided two-hundred, fifty dollars ($250) to CI# 13629 to purchase the .380 caliber handgun and pay off the debt of fifty-dollars ($50) owed to LANE.

12. CI# 13629 attempted to return back to the purchase location (95 Carver Court) where LANE told him he would remain at, but LANE advised him/her that he had a traffic crash at the Hardee's restaurant across the street. CI# 13629 asked LANE if he wanted CI# 13629 to come to the restaurant for the transaction. LANE agreed and told CI# 13629 to meet him at the restaurant; CI# 13629 advised that he/she observed LANE hand the firearm to his "cousin", known to CI# 13629 as "Soldier", who approached him/her for the transaction. The firearm that CI# 13629 purchased was a Taurus, TLP, .380 caliber, handgun, S/N: 45730D.

13. On January 23, 2019, CI# 13629 contacted SA Porter and told him that "Clarence "CJ" LANE had contacted him/her regarding firearms LANE wanted to sell him/her. CI# 13629 stated that LANE also had methamphetamine to sell him/her. CI# 13629 was instructed to set up a controlled purchase with LANE for three (3) ounces of methamphetamine and three (3) firearms.

14. On January 24, 2019, ATF and 22nd Judicial Drug Task Force Agents met with CI# 13629 at a predetermined location to conduct a controlled purchase of evidence from LANE. SA's Porter and Maddox searched CI# 13629 and his/her vehicle for contraband prior to the controlled purchase taking place. No contraband was located.

15. CI# 13629 received a call from LANE. LANE stated to CI# 13629 that he did not have one of the firearms promised and he would try to obtain a replacement

3

firearm. LANE told CI# 13629 that he had a handgun for $200, a rifle for $300 and each ounce of methamphetamine would cost $350.

16. Special Agent Porter provided CI# 13629 with $1,800.00 of official Agent Cashier funds for the purchase of up to three (3) firearms and three (3) ounces of methamphetamine. CI# 13629 was equipped with Drug Task Force electronic audio/video surveillance devices for the controlled purchase.

17. CI# 13629 departed the staging area followed by surveillance units. CI# 13629 went to LANE's residence (95 Carver Court, off Gavin St) and made contact with him. During the contact, CI# 13629 purchased approximately 84 grams of suspected methamphetamine, a Rossi, model M68, .38 caliber, revolver, s/n: D673761, a Ruger, model 10/22, .22 caliber rifle, s/n: 828-33239 and a Taurus, model PT111, 9mm caliber, s/n: TJR57542 for one thousand eight hundred dollars ($1,800.00). Surveillance units observed a black male exiting from apartment A90 off Carver Court off Kellum Street and provided the methamphetamine to LANE and CI# 13629. The black male was also observed entering CI# 13629's vehicle for the narcotic transaction. Audio and video captured the face of the black male.

18. After the deal was concluded, surveillance units followed CI# 13629 to a predetermined meet location and recovered the narcotics and firearms purchased from LANE. Special Agent Porter recovered three (3) firearms and SA Maddox recovered the suspected methamphetamine. After the evidence was collected, CI# 13629's person and vehicle were searched by Special Agent's Porter and Young. Special Agent Maddox conducted a presumptive field test on the suspected methamphetamine. The crystal like substance tested positive for methamphetamine.

19. CI# 13629 stated to agents that LANE advised that he travels to New York to sell firearms and admitted to being involved in a shooting at a club. Agents are aware that LANE and several other males were involved in a shooting that took place at a local night club where a person was killed during the shooting.

20. On January 31, 2019, ATF and SBI utilized ATF CI# 13629 to purchase a firearm and three (3) ounces of methamphetamine from Clarence LANE Jr. ("CJ"). According to CI# 13629, on January 30, 2019, LANE told him/her that he had a Glock 43, 9mm caliber handgun for four-hundred, fifty dollars ($450.00) and three (3) "zips" (commonly known as ounces) for three-hundred, fifty dollars ($350.00) per ounce for sale that he was willing to sell CI# 13629.

4

21. Prior to ATF and SBI meeting CI# 13629, CI# 13629 stated that LANE no longer had the Glock 43, 9mm for sale because he sold the firearm. However, according to CI# 13629, LANE stated that he would sell his own MAC-90, 7.62 X 39 pistol to CI# 13629 for one-thousand dollars ($1,000.00) along with the three (3) ounces of methamphetamine. CI# 13629 was instructed by Special Agent Porter to ask LANE to reconsider his asking price for the amount of nine-hundred dollars ($900.00). According to CI# 13629, LANE agreed to the price for the MAC-90.

22. CI# 13629 consented to his/her vehicle and his/her person being searched just prior to meeting LANE for the purchase. An audio/video device was given to CI# 13629 to audio and video record the transaction between LANE and him/her. Special Agent Porter provided CI# 13629 with one-thousand, nine-hundred, fifty dollars ($1,950.00) of ATF agent cashier funds to purchase the MAC-90 and the three (3) ounces of methamphetamine from LANE.

23. CI# 13629 left the staging location and later arrived in front of 95 Carver Court, off Gavin Street (Apt B95) and met LANE. LANE exited CI# 13629's vehicle, retrieved a firearm from a burgundy Expedition SUV that drove up, and brought the firearm to CI# 13629. LANE then re-entered CI# 13629's vehicle and the two drove to 90 Carver Court, Kellum Street, to get the methamphetamine. A black male subject exited from 90 Carver Court, off Kellum Street, Apt A90 (the same location and subject who brought the three (3) ounces of methamphetamine on January 24, 2019), the male gave LANE the methamphetamine, LANE gave the money to the male, LANE handed CI# 13629 the purchased narcotics, and CI# 13629 left the location.

24. When CI# 13629 arrived back at the staging location, Special Agent Porter retrieved both the firearm and the narcotics from the passenger seat of CI# 13629's vehicle. CI# 13629 consented to another search of his/her person and vehicle by ATF special agents. The firearm that Special Agent Porter recovered was a: Norinco, model: MAC-90, S/N: 9372664, 7.62 X 39 pistol. The narcotics that Special Agent Porter recovered weighed eighty-five (85) grams ((3) ounces) and the crystal rock like substance field tested positive for methamphetamine.

25. On February 13, 2019, CI# 13629 informed ATF Special Agent Porter that LANE had two (2) .38 caliber revolvers for sale for the price of six-hundred dollars ($600). CI# 13629 inquired about methamphetamine LANE had for sale. According to CI# 13629, LANE stated that he had methamphetamine and it stayed at the same location as previous transactions, 90 Carver Court. CI# 13629 was instructed by Special Agent Porter to purchase the two (2) handguns and three (3) ounces of methamphetamine for a controlled purchase on February 14, 2019.

5

26. On February 14, 2019, ATF and SBI utilized CI# 13629 to purchase two (2) firearms and three (3) ounces of methamphetamine from LANE. CI# 13629 was provided one-thousand, seven hundred dollars ($1,700) of agent cashier funds to purchase the firearms and narcotics. At approximately 1021hours, CI# 13629 arrived at 95 Carver Courts, off Gavin St and met with LANE. LANE entered CI# 13629's vehicle told CI# 13629 that he at that time only had one out of the two firearms with him. While inside the vehicle, LANE instructed CI# 13629 to drive to the backside of 90 Carver Court, off Kellum St. to purchase the methamphetamine. A short time later, a black male exited from rear door of 90 Carver Court and entered the rear passenger seat of CI# 13629's vehicle. LANE handed the black male the money that CI# 13629 provided LANE, the black male handed LANE methamphetamine, and LANE then gave CI# 13629 the methamphetamine.

27. CI# 13629 asked the black male how much one (1) pound of methamphetamine would cost. The black male stated he would sell a pound for five-thousand, one-hundred dollars ($5,100) to CI# 13629. After the conversation ended, the black male left the location and CI# 13629 returned LANE to 95 Carver Court, off Gavin St. CI# 13629 left the location and was followed by agents back to the staging location where Special Agent Porter retrieved one Taurus- Model: 85 Protector Poly, .38, S/N: JY13463, Revolver and a small plastic bag containing a crystal rock like substance inside. The crystal rock like substance had a weight of 2.9 ounces or 81.2 grams. Special Agent Porter conducted a field test on the substance, which tested positive for methamphetamine. CI# 13629 returned fifty-dollars ($50) of agent cashier funds back from the transaction. CI# 13629's person and vehicle were searched prior to and after the controlled purchase.

28. Shortly after CI# 13629 returned to the staging location, LANE contacted CI# 13629 on Facebook Messenger regarding the second firearm. CI# 13629 was provided with three-hundred dollars ($300) of agent cashier funds to purchase the firearm. Agents followed CI# 13629 back to the location of 95 Carver Court, off Gavin St. to purchase the firearm. LANE told CI# 13629 that he wanted three-hundred dollars ($300) for the firearm. However, CI# 13629 offered LANE two-hundred, seventy-five dollars ($275), in which LANE agreed on the price. Upon arrival, Special Agent Porter retrieved the firearm from CI# 13629's vehicle; the firearm was a Rossi- Model: M68, .38, S/N: AA212662, Revolver. CI# 13629 returned twenty-five dollars ($25) of agent cashier funds. CI# 13629's person and vehicle was searched prior to and after the controlled purchase for contraband, no contraband was discovered.

29. To date February 19, 2019, a total of fourteen (14) firearms and a total weight of 8.9 ounces of methamphetamine have been purchased utilizing CI# 13629 from Clarence Wright LANE, JR ("CJ") in the Middle District of Alabama.

30. Based upon all the information set out above and upon my experience in the investigation of Federal Firearms Licensees and knowledge of the Federal Firearms Laws I believe that probable cause exists that LANE's activities constitute a violation of Title18 U.S.C. § 922(d), and Title 21 U.S.C. § 841(a)(1). In light of the foregoing, I respectfully request that an arrest warrant be issued for Clarence Wright LANE, JR ("CJ").

Respectfully submitted,

Special Agent Julius Q. Porter
Bureau of Alcohol, Tobacco, Firearms and Explosives
(ATF)

Subscribed and sworn to before me on the 20th day of February, 2019.

STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE

7