IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:19cr118-MHT |
| | ) | (WO) |
| CLARENCE WRIGHT LANE, JR. | ) | |

OPINION AND ORDER

A superseding indictment charges defendant Clarence Wright Lane, Jr. with 14 counts: one count of possessing a firearm known to be stolen, eight counts of disposing of a firearm to a convicted felon, one count of conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine, and four counts of possessing with intent to distribute 50 grams or more of methamphetamine. Following his arrest, the magistrate judge held a hearing and ordered him to be detained pending trial. Pursuant to 18 U.S.C. § 3145(b), Lane moved for this court to review the magistrate judge's detention order and revoke that order.

Based on an independent and *de novo* review of the transcript of the testimony presented to the magistrate judge, as well additional argument and evidence before this court, the court agrees that Lane poses a danger to the community and will therefore order that he remain detained pending trial.

I. Legal Framework

This court must order Lane's detention if, after a hearing, it finds that "no condition or combination of conditions will reasonably assure [his] appearance ... as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The government bears the burden of proving (1) by a preponderance of the evidence that no condition or conditions will reasonably ensure his appearance, or (2) by clear and convincing evidence that no condition or conditions will ensure the safety of any other

2

person and the community.  *See United States v. Quartermaine*, 913 F.2d 910, 915 (11th Cir. 1990).

Because Lane faces a sentence of more than 10 years on his drug charges, he is subject to a rebuttable presumption that no condition or conditions will ensure his appearance or the safety of the community.  *See* 18 U.S.C. § 3142(e)(3)(A).  Accordingly, he has the burden of production to come forward with evidence to rebut the presumption.  *See Quartermaine*, 913 F.2d at 916.  Even if Lane satisfies his burden of production, the presumption "remains in the case as an evidentiary finding militating against release."  *Id.*  Crucially, however, the rebuttable presumption triggered by his drug charges does not shift the ultimate burden of persuasion as to flight risk or dangerousness, which remains with the government.  *See id.*

This court must consider four factors in making its detention determination: "(1) the nature and circumstances of the offense charged ... ; (2) the

weight of the evidence against the person; (3) the history and characteristics of the person ... ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Both parties agree that this court reviews the magistrate judge's detention order *de novo*.

## II. Analysis

The court agrees with the magistrate judge's conclusion that the government has met its burden of proving, by clear and convincing evidence, that "no condition or combination of conditions will reasonably assure ... the safety of any other person and the community." *Id.* at § 3142(e)(1). This court's finding is based on the following facts: Lane is charged with selling a substantial amount of methamphetamine-- allegedly more than 470 grams--and a significant number of guns (more than a dozen). He allegedly sold the

4

guns--including a rifle and semi-automatic handguns--to a man he knew to be a convicted felon.  Moreover, the drug charges triggered the rebuttable presumption in favor of determining that he poses a danger, which is "an evidentiary finding militating against release." *Quartermaine*, 913 F.2d at 916.  Finally, there appears to be strong evidence against him, including controlled purchases by law enforcement and video and audio identifying him in at least a number of the gun transactions.  In sum, the record reflects that he is a danger to the community because there is apparently solid evidence that he sold a substantial quantity of methamphetamine and guns.

The finding that the government met its burden as to Lane's dangerousness is sufficient to mandate his detention pursuant to section 3142(e)(1). Consequently, the court need not address whether the magistrate judge correctly found that the government satisfied its burden as to flight risk.

***

Accordingly, it is ORDERED that:

(1) Defendant Clarence Wright Lane, Jr.'s motion (doc. no. 42) is granted to the extent he seeks review of the magistrate judge's detention order.

(2) His motion (doc. no. 42) is denied to the extent he seeks to have the detention order revoked.

(3) Defendant Lane shall remain detained pending resolution of the charges against him or further order of the court.

DONE, this the 25th day of July, 2019.

                                        /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**