IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:19cr118-MHT |
| | ) | (WO) |
| CLARENCE WRIGHT LANE, JR. | ) | |

ORDER

This case is before the court on defendant Clarence Wright Lane, Jr.'s oral motion to continue made on the record on August 28, 2019. For the reasons set forth below, the court finds that jury selection and trial of defendant Lane, now set for September 16, 2019, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy

> days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." *Id.* § 3161(h)(1)(A). It also excludes continuances grounded in "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective

preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and defendant Lane in a speedy trial.

Counsel for Lane has requested a mental-health evaluation to determine, among other things, Lane's competency to stand trial.  Because it is clear trial cannot proceed until a psychological evaluation of Lane is complete, a continuance is warranted and necessary to provide sufficient time for completion of the mental-health evaluation and report, and for Lane and his counsel to confer and decide on a course of action in light of the results.  The government does not oppose a continuance.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Clarence Wright Lane, Jr.'s oral motion to continue (doc. no. 70) is granted.

(2) The jury selection and trial for defendant Lane, now set for September 16, 2019, are continued generally.

DONE, this the 28th day of August, 2019.

                                             /s/ Myron H. Thompson
                                        **UNITED STATES DISTRICT JUDGE**