IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:19cr118-MHT |
| | ) | (WO) |
| CLARENCE WRIGHT LANE, JR. | ) | |

OPINION AND ORDER

Defendant Clarence Wright Lane, Jr. has been indicted on 14 counts: one count of possessing a firearm known to be stolen, eight counts of disposing of a firearm to a convicted felon, one count of conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine, and four counts of possessing with intent to distribute 50 grams or more of methamphetamine. Defense counsel filed a motion for Lane to receive a mental-health evaluation to determine his competence to stand trial. The court held a hearing on the motion, which is unopposed by the government, on September 3, 2019. For the reasons explained below, the court will order this examination as well as, if feasible, other

mental-health examinations, all to be conducted at Bureau of Prisons (BOP) mental-health facilities.

A.

A court may order a competency evaluation on a party's motion, or on the court's own motion, "at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant," if there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The court may order a defendant to be committed for a reasonable period of time to the custody of the Attorney General to be placed in a suitable BOP facility for this competency examination. *See* §§ 4241(b), 4247(b).

Lane has previously been diagnosed with Attention

Deficient Disorder with Hyperactivity (ADHD) and bipolar disorder. Since his incarceration, he has begun taking medication to manage symptoms of depression. As a result of his mental disorders, he received SSI disability benefits until the age of 18. In addition, he reports difficulty writing, raising concerns that he may also suffer from an intellectual disability or, at least, may otherwise have some limited intellectual capacity. Defense counsel reports that, in the course of this case, Lane's decisions have appeared "impulsive and irrational," Motion for Psychological Evaluation and Determination of Mental Competency (doc. no. 61) at 1, and that Lane has been unable to "grasp concepts included in the law of conspiracy and accomplice liability." *Id*.

Based on these representations, the court finds that there is reason to believe that Lane may not be competent to stand trial. The court will, therefore, order him to be evaluated at a BOP mental-health facility, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b).

3

Once the examination is complete, the examiner will prepare a psychological report and file this report with the court and with counsel, pursuant to § 4247. This report should include a description of the psychological and medical tests administered and their results; the examiner's findings, diagnosis, and prognosis of Lane's mental condition; and the examiner's opinions as to whether, given the demands that may be made on Lane throughout this prosecution, he may currently be "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

B.

If, after this evaluation, the court were to find that Lane is incompetent to stand trial, the court would then be required to commit him again to the custody of the Attorney General, and again he would

need to be hospitalized for treatment in a suitable facility, though this time in order to determine whether there is a substantial probability that, in the foreseeable future, he will attain the capacity to permit the criminal proceedings against him to go forward. *See* 18 U.S.C. § 4241(d)(1). The court wishes to avoid the further delay and inconvenience to the parties and to the court of another potential commitment, including the extra time required to transport Lane from the BOP back to this district and then back to the BOP again. Thus, the court will order that, *if the BOP examiner finds Lane incompetent*, the examiner should, if possible and practicable as allowed by the applicable statutory time constraints, *see* 18 U.S.C. § 4241(b), and without an additional court order, immediately conduct a restoration evaluation pursuant to § 4241(d)(1) to determine if there is a substantial probability that, in the foreseeable future, Lane will regain competency. However, if the evaluator concludes that Lane is incompetent to stand

trial but is unable, for whatever reason, to reach the related issue of restoration, the BOP should, if feasible, still hold Lane at the evaluation site so that a competency hearing can promptly be held by video-conferencing.  This will allow the court to order a restoration evaluation, if appropriate, without first transporting Lane back to the jail in the local district.

C.

Should the evaluator find Lane competent to proceed, the evaluator should, if feasible, immediately perform a 'pre-sentencing study' of him pursuant to 18 U.S.C. § 3552(b), to avoid any additional delay from having to recommit Lane for this study.  This court has held that, where there is a reasonable basis to believe that a defendant's mental disease or defect--including a substance-abuse disorder--contributed to the conduct underlying his or her conviction, the court should order a mental-health evaluation. *See United States v.*

*Kimbrough*, No. 2:07cr260, 2018 WL 989541 (M.D. Ala. Feb. 20, 2018) (Thompson, J.); *see also United States v. Mosley*, 277 F. Supp. 3d 1294 (M.D. Ala. 2017) (Thompson, J.) (discussing the issue of substance-abuse disorders in further detail).

Here, Lane has been diagnosed with ADHD and bipolar disorder. Defense counsel reports that Lane has used marijuana and that he is now charged with crimes involving methamphetamine. Further, Lane has reported difficulty writing. The court has reason to believe that Lane's mental disorders, and potentially other co-occurring cognitive deficits or limitations and substance abuse, together or alone, contributed to the offenses with which he is charged.

Should Lane be found competent to proceed and be convicted, the court would order such a study to aid in fashioning an appropriate sentence, by helping to determine (1) whether and how Lane's mental disorders and deficiencies, together or alone, should mitigate his sentence; and (2) what type of treatment, if any,

he should receive during supervised release to prevent further criminal activity and assist with rehabilitation.* The BOP's recommendations should, therefore, focus on the dual, overlapping issues of mitigation and treatment: the role, if any, Lane's mental disorders, diminished or limited mental capacity, and substance abuse, together or alone, may have played in his charged conduct, and what treatment is recommended for him in light of his individual characteristics and history.

18 U.S.C. § 3552(b) authorizes the court, upon a defendant's conviction, to order that a pre-sentencing study be done by the BOP upon the finding of a "compelling reason" or where there are no adequate professional resources available in the local community to perform the study. In this case, the court seeks a comprehensive, longitudinal evaluation of Lane's mental

---

\* In the past, the court has framed the mitigation issue as one of "culpability," *see, e.g., United States v. Mosley*, 277 F. Supp. 3d 1294, 1295-96 (M.D. Ala. 2017), but that framing has resulted in some confusion. This wording is meant to convey the idea more clearly.

health to assess not only whether he suffers from a substance-abuse disorder and any co-occurring mental disorders or cognitive deficits, but how these disorders and deficits interact, if at all, and to assist in the development of a specialized treatment plan, in light of his mental-health diagnoses, that will help to ensure that he does not continue to violate the law. There are no local resources available that can provide such a specialized, comprehensive, and longitudinal evaluation in the local jail, where Lane is currently being detained. Also, defense counsel himself ask that such an evaluation be done while Lane is housed at the BOP facility. Because there are no adequate professional resources available at the local jail; because Lane will already be in BOP custody for the competency evaluation; and because Lane wants the evaluation himself, the court need not reach the issue of whether there is a "compelling reason" for the inpatient study.

**D.**

In conclusion, the court wants the BOP to conduct evaluations determining the following: (1) Lane's competency to stand trial; (2) if necessary, a restoration evaluation; (3) how mental illness, substance-abuse, and cognitive deficiencies or other limitations, together or alone, may mitigate his offense conduct; and (4) what type of treatment, if any, he should receive in prison and during supervised release to assist in his rehabilitation. All of these evaluations should be conducted while Lane is at the designated BOP facility, in one stay (reasonably prolonged if necessary and feasible but within the time allowed by applicable law), and, thus, without having to transfer him back and forth between the examination site and the local jail and so as to avoid unnecessary delay.

**\*\*\***

Accordingly, it is ORDERED that defendant Clarence Wright Lane Jr.'s motion for a mental-health evaluation

(doc. no. 61) is granted as follows:

(1) Pursuant to the provisions of 18 U.S.C. § 4241 and §§ 4247(b) & (c), the United States Marshal for this district shall immediately remove defendant Clarence Wright Lane, Jr. to the custody of the warden of an appropriate BOP institution as may be designated by the Attorney General, where he is to be committed for the purpose of being observed, examined, and treated by one or more qualified psychiatrists or psychologists at the institution. The statutory time period for the examination shall commence on the day defendant Lane arrives at the designated institution. The examination shall be conducted in the suitable facility closest to the court, unless impracticable.

(2) Pursuant to 18 U.S.C. § 4241 and 4242, the examining psychiatrists or psychologists shall evaluate whether defendant Lane is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the

proceedings against him or to assist properly in his defense.

(3) In the event that the examiners find that defendant Lane is suffering from a mental disease or defect rendering him mentally incompetent, the examining psychiatrists or psychologists shall, pursuant to 18 U.S.C. § 4241(d)(1), also evaluate whether there is a substantial probability that, in the foreseeable future, he will attain the capacity to permit the proceedings to go forward.

(4) Pursuant to 18 U.S.C. § 3552(b), during the time defendant Lane is at the BOP facility, the examining psychiatrists or psychologists shall evaluate defendant Lane's psychological condition for the purposes of sentencing and shall include their findings in a report to be presented to this court.

(a) To assist the court in assessing defendant Lane's culpability--as a mitigating factor--the study shall discuss his history and characteristics, and shall particularly address (i) whether he suffers from

any mental disorder, including but not limited to a substance-abuse disorder and any cognitive deficiencies or other limitations, and if so, which ones; (ii) if he has any mental disorders, substance-abuse disorders, and cognitive deficiencies, how, if at all, they relate to or interact with each other, or may be viewed as having caused, led to, or contributed to a substance-abuse disorder, if any; (iii) what role, if any, his mental disorders, substance-abuse disorders, and cognitive deficiencies or other limitations, alone or together, played in his commission of the offenses with which he is now charged; (iv) how his mental disorders, substance-abuse disorders, and cognitive deficiencies, together or alone, may impact his ability to refrain from engaging in future criminal activity, and to meet other conditions of supervision, such as attending scheduled meetings with his supervising officer.

  (b) In addition to assessing whether defendant Lane suffers from any mental disorders, substance-abuse

disorders, and cognitive deficiencies or other limitations, the study shall provide recommendations for treatment and other supportive services to be provided to him while on supervised release to improve the likelihood of him becoming a productive member of society and refraining from substance abuse and criminal activity. The study should address his offense conduct, his personal characteristics, history, and circumstances; his mental health and history thereof; which treatment modalities, treatment settings, and supportive or other services are likely to be most effective in helping him to refrain from violating conditions of supervised release; which specific BOP programs are recommended, and why, in the event that he is incarcerated for an extended period of time, *see* https://www.bop.gov/inmates/custody_and_care/docs/20170914_BOP_National_Program_Catalog.pdf; and whether, assuming sincere and good-faith efforts on the part of defendant Lane, relapse is to be reasonably expected.

Among other issues, the study shall address whether there is any medication that can be used in conjunction with any other treatment to address his disorders or other mental-health problems, if any.

(c) Finally, the study shall discuss any other matters the BOP believes are pertinent to the sentencing factors set forth in 18 U.S.C. § 3553(a).

DONE, this the 10th day of September, 2019.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**